Shannon BELOW, Plaintiff-Appellant,†

v.

Dion R. NORTON and Dana Norton,
Defendants-Respondents.

Court of Appeals

*No. 2005AP2855. Submitted on briefs August 31, 2006.*
*—Decided November 21, 2006.*

2007 WI App 9

(Also reported in 728 N.W.2d 156.)

† Petition to review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel W. Stevens* and *Rudolph J. Kuss* of *Law Office of Daniel W. Stevens LLC*, Brookfield.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Vicki Zick* of *Zick & Weber Law Offices, LLP*, Johnson Creek.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. WEDEMEYER, P.J.   Shannon Below appeals from an order dismissing her complaint against Dion R.

and Dana Norton regarding the purchase of their home by Below. Below claims the trial court erred when it ruled that: (1) all of the tort claims were barred by the economic loss doctrine; and (2) Below failed to file an amended complaint adding a breach of contract action. Because the economic loss doctrine does not bar Below's claim of false advertising misrepresentation in violation of Wis. Stat. § 100.18, we reverse that portion of the trial court's order and remand for further proceedings. Because the economic loss doctrine bars the remainder of the tort claims asserted in Below's complaint and because Below failed to file her amended complaint adding the breach of contract action, we affirm those parts of the trial court's order.

## BACKGROUND

¶ 2. In February 2004, Below purchased a house from the Nortons. In the property condition report, the Nortons stated that the only known plumbing defect was that the bathtub drain handle needed to be repaired. After moving into the home, Below discovered that the sewer line between the house and the street was broken.

¶ 3. Below then filed this action against the Nortons, asserting five causes of action: (1) intentional misrepresentation; (2) misrepresentation in violation of Wis. Stat. §§ 895.80 and 943.20(1)(d); (3) false advertising misrepresentation in violation of Wis. Stat. § 100.18; (4) strict responsibility misrepresentation; and (5) negligent misrepresentation.[1] In June 2004, the Nortons

---

[1] Below also alleged a sixth cause of action: "Rescission/Restitution." The trial court correctly noted with respect to this action that neither constitutes a cause of action, but rather both are a remedy. Accordingly, we need not specifically address rescission or restitution.

784

filed an answer and a motion to dismiss the complaint on the ground that the complaint failed to state a claim on which relief could be granted. The Nortons subsequently filed a brief in support of the motion asserting that the tort misrepresentation claims were barred by the economic loss doctrine. Below filed a response to the Nortons' motion and a hearing was held on July 26, 2004.

¶ 4. At the motion hearing, Below referenced the then-recent decision of our supreme court in *Van Lare v. Vogt*, 2004 WI 110, 274 Wis. 2d 631, 683 N.W.2d 46. The trial court adjourned the hearing in order to review the *Van Lare* decision. The Nortons filed a memorandum regarding *Van Lare* on September 3, 2004.

¶ 5. On September 20, 2004, Below filed a motion to amend the complaint together with a draft of a proposed amended complaint, which added a cause of action for breach of contract. In November 2004, the Nortons requested that the motion hearing continue in adjournment until the supreme court decided *Kaloti Enterprises, Inc. v. Kellogg Sales Company*, 2005 WI 111, 283 Wis. 2d 555, 699 N.W.2d 205, which may affect the decision in the Below-Norton matter. At the same time, counsel for the Nortons advised the court that she would not object to Below's motion seeking to amend her complaint.

¶ 6. On November 19, 2004, the trial court entered an order granting Below's motion to amend the complaint. The order directed Below to file and serve her amended complaint. The order also adjourned the hearing on the Nortons' motion to dismiss until June 13, 2005.

¶ 7. On October 17, 2005, the trial court conducted the hearing on the Nortons' motion to dismiss. At that hearing, it was noted that Below had never filed

or served the amended complaint. It was Below's position that the "draft" amended complaint which had been included with the motion to amend constituted a "filing" and she did not need to "re-file" or serve the proposed amended complaint.

¶ 8. The court ruled that the economic loss doctrine barred Below's tort misrepresentation claims and that Below never filed the amended complaint, which added the breach of contract action. Accordingly, the trial court dismissed Below's complaint in its entirety. Below now appeals.

## DISCUSSION

¶ 9. This appeal arises from the trial court's granting of the Nortons' motion to dismiss. In reviewing an order granting a motion to dismiss, we apply the same standards as the trial court did. *Hennig v. Ahearn*, 230 Wis. 2d 149, 164, 601 N.W.2d 14 (Ct. App. 1999). The purpose of a motion to dismiss under WIS. STAT. § 802.06(2) (2003–04)[2] for failure to state a claim upon which relief can be granted, is to test the legal sufficiency of the complaint. *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445 (1999); *see also Evans v. Cameron*, 121 Wis. 2d 421, 426, 360 N.W.2d 25 (1985). When it is clear from a review of the complaint that the plaintiff cannot recover under any conditions, then a motion to dismiss should be granted. *Ramsden v. Farm Credit Servs.*, 223 Wis. 2d 704, 711, 590 N.W.2d 1 (Ct. App. 1998). In ruling on a motion to dismiss for failure to state a claim, the

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

general rule is that the court should accept the facts as pleaded and all reasonable inferences generated therefrom as true. *Id.*

¶ 10.   In addition, whether the economic loss doctrine applies to a particular set of facts presents a question of law that this court reviews independently. *See Insurance Co. of N. Am. v. Cease Elec. Inc.*, 2004 WI App 15, ¶ 19, 269 Wis. 2d 286, 674 N.W.2d 886, *aff'd* 2004 WI 139, 276 Wis. 2d 361, 688 N.W.2d 462.

A.   *False Advertising* Wis. Stat. *§ 100.18 Misrepresentation Claim.*

¶ 11.   Below claims that the trial court erred when it dismissed her false advertising Wis. Stat. § 100.18 misrepresentation claim. We agree. In *Kailin v. Armstrong*, 2002 WI App 70, ¶ 43, 252 Wis. 2d 676, 643 N.W.2d 132, we held that "the economic loss doctrine does not apply to claims under Wis. Stat. § 100.18" and that statements to a potential buyer may constitute a statement made to "the public" for the purposes of § 100.18, *Kailin*, 252 Wis. 2d 676, ¶ 44. Thus, statements made to Below *prior* to acceptance of the offer may form the basis of a false advertising claim.[3]

¶ 12.   In order to establish a false advertising claim under Wis. Stat. § 100.18, Below must prove:   (1) the defendant made to the public an " 'advertisement, announcement, statement or representation . . .' " relating to the purchase of merchandise; (2) that the statement/representation was " 'untrue, deceptive or

---

[3] We held Wis. Stat. § 100.18 would not apply to statements made after the contract was formed because the prospective buyer is no longer "the public," but has a particular relationship with the seller. *Kailin v. Armstrong*, 2002 WI App 70, ¶ 44, 252 Wis. 2d 676, 643 N.W.2d 132.

misleading' "; and (3) the plaintiff sustained a pecuniary loss because of the statement/representation. *See Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 39, 270 Wis. 2d 146, 677 N.W.2d 233 (quoting § 100.18(1)); WIS—JICIVIL 2418.

¶ 13.  Here, Below's complaint sufficiently alleged a cause of action under WIS. STAT. § 100.18 to survive a motion to dismiss. Below alleged that the Nortons made an untrue representation which caused Below to suffer a pecuniary loss.[4] If Below can prove her allegations at trial, she may recover on the false advertising claim. Accordingly, this cause of action should not have been dismissed. We reverse that portion of the trial court's order and remand for further proceedings.

*B. Other Misrepresentation Claims.*

¶ 14.  Below also contends that the trial court erred in dismissing the other tort misrepresentation claims on the grounds that each is barred by the economic loss doctrine. We are not persuaded.

¶ 15.  When and how the economic loss doctrine applies has received much attention in our court system. As recently stated by our supreme court in *1325*

---

[4] We also noted that justifiable reliance is not an element of a false advertising claim. As we recently clarified in *Malzewski v. Rapkin*, 2006 WI App 183, ¶ 24, 296 Wis. 2d 98, 723 N.W.2d 156, reasonable reliance may "be considered by a jury in determining whether 'the purchaser in fact relied' on the seller's representation," *id.* (citation omitted), but it is not a statutory element. We also noted that under certain circumstances, "reasonable reliance *should* be an element of a claim for false advertising [when] that [claim] is decided as a matter of law." *Id.*, ¶ 24 n.3 (emphasis in original and alteration added).

*North Van Buren, LLC v. T-3 Group, Ltd.*, 2006 WI 94, ¶ 24, 293 Wis. 2d 410, 716 N.W.2d 822:

> " 'The economic loss doctrine is a judicially created doctrine under which a purchaser of a product cannot recover from a manufacturer on a tort theory for damages that are solely economic.' " *Linden v. Cascade Stone Co.*, 2005 WI 113, ¶ 6, 283 Wis. 2d 606, 699 N.W.2d 189 . . . . "Economic loss is generally defined as damages resulting from inadequate value because the product is 'inferior and does not work for the general purposes for which it was manufactured and sold.' " *Daanen & Janssen, Inc. v. Cedaradpids, Inc.*, 216 Wis. 2d 395, 400–01, 573 N.W.2d 842 (1998).

(Citations omitted.) Thus, the economic loss doctrine is intended to bar purely economic losses in situations when the relationship between the two parties involves a contract for a product. In *Kailin*, this court determined that the economic loss doctrine should apply to commercial real estate transactions as well. 252 Wis. 2d 676, ¶ 27. In other words, the parties to a commercial real estate transaction cannot sue one another to recover purely economic losses. In *Digicorp, Inc. v. Ameritech Corp.*, 2003 WI 54, 262 Wis. 2d 32, 662 N.W.2d 652, our supreme court reaffirmed that the economic loss doctrine bars recovery for purely economic losses in intentional misrepresentation cases. In *Van Lare*, 274 Wis. 2d 631, ¶ 21, our supreme court advised that the economic loss doctrine is not limited to situations involving a product, but also may apply in cases involving real estate. Finally, in *Kaloti Enterprises, Inc.*, 283 Wis. 2d 555, ¶ 42, the supreme court ruled that the economic loss doctrine bars all intentional misrepresentation claims arising in a contract unless the misrepresentation induced the party to contract and the misrep-

resentation was unrelated to the contract's subject matter.

¶ 16. In applying these principles to the facts here, Below argues that the economic loss doctrine should not apply to bar her remaining tort claims for two reasons: because (1) this was a residential—as opposed to a commercial—real estate transaction; and (2) the *Kaloti* exception applies. We cannot agree.

██

¶ 17. Based on these recent cases, which extend the application of the economic loss doctrine, we conclude that the doctrine should also be extended to apply in this *residential* real estate transaction as well. The record reflects that Below did receive the property condition report in accord with Wis. Stat. § 709.02, and that that report disclosed a defect with the bathtub drain. Under that statute, Below received a copy of that report, which contained notice to her that she may want to obtain professional advice or inspection of the property. There is nothing in the record indicating whether or not Below hired a property inspector before proceeding with the purchase. If, as Below alleges, the Nortons knew of the defective sewer line and failed to disclose that information as required by statute, then they have breached the terms of the property condition contract and Below has a breach of contract action against them for which contractual remedies would be available. With the statutory protections afforded by § 709.02, the residential purchaser is protected by contract and, therefore, the economic loss doctrine should apply when the only damages sought are purely economic. Such is the case here.

¶ 18. Further, we cannot agree with Below's other contention that the *Kaloti* inducement/unrelated matter exception applies to the facts in this case. Only in

circumstances where the fraud did not relate to the contract's subject matter would the plaintiff be unable to protect herself through contract negotiations. *Digicorp*, 262 Wis. 2d 32, ¶ 48. Here, if the Nortons were aware of the broken sewer line, they were obligated under Wis. Stat. § 709.02 to disclose that to Below. Accordingly, the broken sewer line was not a matter "unrelated" to the subject matter of the contract and the *Kaloti* exception does not apply.

¶ 19. Based on the foregoing, we conclude that the economic loss doctrine does bar Below's remaining tort misrepresentation claims and therefore the trial court's ruling in that regard is affirmed.

*C. Amended Complaint.*

¶ 20. Below also contends that the trial court erred in acting as if her amended complaint adding a breach of contract action did not exist. She advises that the proposed amended complaint was sent to the court under cover of her motion to amend, which the trial court granted. The trial court ruled that the draft submitted under cover of the motion was not signed. Instead, the signature line simply had the word "DRAFT" stamped on it.

¶ 21. The record reflects that the court granted Below's motion to amend the complaint and add the breach of contract cause of action. The order granting the motion directed Below to file and serve the amended complaint. It is undisputed in this record that Below never did so *after* the trial court's order. Below's contention that the proposed amended complaint, which was earlier submitted to the court, constituted the amended complaint and therefore an additional one

791

need not be filed with the court is simply not acceptable. As noted, that proposed amended complaint was not signed as required by Wis. Stat. § 802.05(1)(a):

> Every pleading, motion or other paper of a party represented by an attorney shall contain the name, state bar number, if any, telephone number, and address of the attorney and the name of the attorney's law firm, if any, and shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name.

Clearly, the proposed amended complaint did not comply with that statutory requirement.

¶ 22. Further, the order clearly directed Below to file and serve the amended complaint, which would have triggered the Nortons' responsibility to file an answer to the amended complaint. Because Below never served the Nortons with a signed copy of the amended complaint, an answer was never filed in response. Below suggests that the Nortons' counsel's verbal consent to the motion to amend should be construed to eliminate Below's responsibility to file and serve the amended complaint. We cannot agree. Consenting to the motion is completely separate from waiving procedural filing and service requirements. Nowhere in the record is there any indication that the Nortons' counsel said that Below need not sign, file, or serve the amended complaint. Thus, we reject Below's claim that the Nortons' conduct obviated Below's responsibility.

## CONCLUSION

¶ 23. Based on the foregoing, we conclude that the trial court erred in dismissing the false advertising Wis. Stat. § 100.18 misrepresentation claim. Thus, we

reverse that portion of the trial court's order and remand that matter for further proceedings. In addition, we conclude that the trial court did not err in dismissing the remainder of the complaint based on the economic loss doctrine and did not err in ruling that the amended complaint, which added a cause of action for breach of contract, was never properly filed or served and therefore a nullity. Accordingly, we affirm those portions of the trial court's order.

*By the Court.*—Order reversed in part; affirmed in part and cause remanded for further proceedings.