PER CURIAM.
¶1 Chris Hinrichs and Autovation Limited appeal from a judgment dismissing their complaint against the DOW Chemical Company d/b/a Dow Automotive. The complaint alleged claims of negligent misrepresentation, intentional misrepresentation, strict responsibility misrepresentation, and violation of WIS. STAT . § 100.18 (2015-16).[1] We affirm the dismissal of the misrepresentation claims. However, we conclude that the § 100.18 claim should not have been dismissed. Therefore, we affirm in part, reverse in part, and remand for further proceedings on the § 100.18 claim.
¶2 Hinrichs is the developer of a product called JeeTops, which are acrylic skylight panels for motor vehicles. Autovation is a company owned by Hinrichs that manufactured, distributed, and installed JeeTops. When installing JeeTops, Autovation used a Dow adhesive to attach the panels to vehicles and maintain a water-tight seal.
¶3 In 2013, Hinrichs informed an agent for Dow that some customers were experiencing cracks in their installed JeeTops. The agent responded by saying that the acrylic used in JeeTops had been sent to Dow labs for testing.
¶4 On October 22, 2013, the agent for Dow forwarded a report of the testing results to Hinrichs. The report claimed that the Dow adhesive was properly functioning on the acrylic used in JeeTops. It further claimed that "[n]o evidence of any crazing or surface cracking was observed." Accordingly, Hinrichs and Autovation continued to purchase and use the Dow adhesive.
¶5 By October 2014, one-third of all JeeTops installed using the Dow adhesive had failed, manifesting in crazing and fracturing of the acrylic. By late October 2014, Hinrichs had sold 585 JeeTops and believed they were all in the process of failing because the Dow adhesive was actively deteriorating the acrylic's integrity, which caused it to leak and then craze and fracture.
¶6 Eventually, Hinrichs determined the source of the problem and secured a replacement adhesive. However, by then, JeeTops had already received negative publicity, which significantly affected sales.
¶7 Hinrichs and Autovation subsequently filed suit against Dow, alleging negligent misrepresentation, intentional misrepresentation, strict responsibility misrepresentation, and violation of WIS. STAT . § 100.18. Dow responded with a motion to dismiss.
¶8 After a hearing on the matter, the circuit court granted Dow's motion to dismiss. The court determined that the economic loss doctrine barred the misrepresentation claims. It also concluded that the WIS. STAT . § 100.18 claim could not be maintained because Hinrichs and Autovation were not members of "the public" for purposes of the statute and had failed to allege that Dow made representations that were untrue, deceptive, or misleading. This appeal follows.
¶9 On appeal, Hinrichs and Autovation first contend that the circuit court erred in determining that the economic loss doctrine barred their misrepresentation claims. They argue that either the doctrine's "fraud in the inducement" exception or its "other property" exception applies.
¶10 "The economic loss doctrine 'is a judicially created doctrine that seeks to preserve the distinction between contract and tort.' " Ferris v. Location 3Corp. , 2011 WI App 134, ¶12, 337 Wis. 2d 155, 804 N.W.2d 822 (citation omitted). It provides that a party to a contract may not pursue remedies in tort to recover solely economic losses arising out of the performance or nonperformance of the contract. Id. Wisconsin courts have applied the economic loss doctrine to bar misrepresentation claims. See Tietsworth v. Harley-Davidson, Inc. , 2004 WI 32, ¶29, 270 Wis. 2d 146, 677 N.W.2d 233 (collecting cases).
¶11 One exception to the economic loss doctrine is the "fraud in the inducement" exception for intentional misrepresentation claims. To invoke this narrow exception, the claimant must prove all of the following: (1) that the defending party engaged in intentional misrepresentation, (2) that the misrepresentation occurred before the contract was formed, and (3) that the alleged misrepresentation was extraneous to the contract. Kaloti Enters., Inc. v. Kellogg Sales Co. , 2005 WI 111, ¶42, 283 Wis. 2d 555, 699 N.W.2d 205. In other words, the misrepresentation concerned matters whose risk and responsibility did not relate to the quality or the characteristics of the product for which the parties contracted. Id.
¶12 Another exception to the economic loss doctrine is the "other property" exception. We apply two tests to determine whether damaged property constitutes "other property." State Farm Fire & Cas. Co. v. Hague Quality Water, Int'l , 2013 WI App 10, ¶6, 345 Wis. 2d 741, 826 N.W.2d 412. First, we apply the "integrated system" test to determine if the damaged property and the product for which the parties contracted are part of an integrated system. Id. , ¶7. Second, we apply the "disappointed expectations" test by focusing on the expected function of the product contracted for and whether the purchaser should have foreseen that the product's failure could cause the damage suffered. Id. The damaged property must survive both tests to be considered "other property." Id.
¶13 Whether the economic loss doctrine applies to the misrepresentation claims in this case presents a question of law that we review de novo. See Kaloti Enters. , 283 Wis. 2d 555, ¶10.
¶14 Here, we are not persuaded that Hinrichs and Autovation can satisfy the narrow "fraud in the inducement" exception to permit their intentional misrepresentation claim to go forward. To begin, it does not appear from the complaint that the alleged misrepresentation occurred before the contract with Dow was formed. Indeed, Hinrichs and Autovation concede that they had been using the Dow adhesive prior to the October 22, 2013 report. Moreover, the alleged misrepresentation cannot be described as extraneous to the contract. Whether the Dow adhesive was properly functioning on the acrylic used in JeeTops directly relates to its quality and characteristics-in particular its ability to maintain a water-tight seal, which was one of its main functions.
¶15 Likewise, we are not persuaded that the "other property" exception saves the misrepresentation claims. Applying the "integrated system" test, we conclude that the damaged property (the JeeTops) and product for which the parties contracted (the adhesive) were components of an integrated system. They became components of an integrated system once the adhesive was applied to bond the JeeTops to the motor vehicle. At that point, they were integral parts of a greater whole and did not serve an independent purpose.[2] As such, the adhesive's subsequent deterioration of the JeeTops' acrylic did not result in damage to "other property." See Wausau Tile, Inc. v. County Concrete Corp. , 226 Wis. 2d 235, 249, 593 N.W.2d 445 (1999) ("Damage by a defective component of an integrated system to either the system as a whole or other system components is not damage to 'other property' which precludes the application of the economic loss doctrine.").
¶16 Applying the "disappointed expectations" test, we reach a similar conclusion. Again, one of the main functions of the Dow adhesive was to maintain a water-tight seal, which would prevent leaking. It failed to fulfill this function by deteriorating the JeeTops' acrylic, which caused it to leak and then craze and fracture. Hinrichs and Autovation should have foreseen that the adhesive's failure to perform as expected could cause the damage suffered. The occurrence of such damage could have been the subject of negotiations between the parties when entering into their contract. Because the damaged property was, at bottom, the result of disappointed expectations in the adhesive's performance, it does not fit within the "other property" exception. Grams v. Milk Prods., Inc. , 2005 WI 112, ¶3, 283 Wis. 2d 511, 699 N.W.2d 167.
¶17 For these reasons, we are satisfied that the circuit court properly determined that the economic loss doctrine barred the misrepresentation claims in this case.
¶18 Hinrichs and Autovation next contend that the circuit court erred in dismissing their WIS. STAT.§ 100.18 claim.[3] They insist that they are members of "the public" for purposes of the statute and properly pled a claim.
¶19 Whether a complaint properly pleads a claim for relief presents a question of law that we review de novo. Wausau Tile , 226 Wis. 2d at 245. For purposes of review, we must accept all factual assertions within a complaint and all reasonable inferences therefrom as true. Id. Dismissal of a complaint is improper unless it seems certain that no relief could be granted under any set of facts that the plaintiff could prove. Id.
¶20 Although lengthy, WIS. STAT.§ 100.18 generally "prohibits the making of false or misleading representations to 'the public' in the context of certain business transactions." Uniek, Inc. v. Dollar Gen. Corp. , 474 F. Supp. 2d 1034, 1036 (W.D. Wis. 2007).[4] A claim under § 100.18 has three elements: (1) the defendant made a representation to "the public" with the intent to induce an obligation; (2) the representation was untrue, deceptive, or misleading; and (3) the representation caused pecuniary loss. K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc. , 2007 WI 70, ¶19, 301 Wis. 2d 109, 732 N.W.2d 792. Only the first two elements are at issue here.
¶21 With respect to the first element, WIS. STAT.§ 100.18 does not define "the public"; however, our courts have interpreted the phrase. K&S Tool &Die , 301 Wis. 2d 109, ¶20. Under the case law, a representation made to an individual can be a representation made to "the public." Id. , ¶23. An individual remains a member of "the public" unless a particular relationship exists between him or her and the defendant. Id. , ¶27. The existence of such a relationship is a question of fact dependent upon the peculiar circumstances of the case. Id. , ¶¶27, 30.
¶22 Based on the assertions in the complaint here, a reasonable fact finder could have drawn conflicting inferences as to whether Hinrichs and Autovation had a particular relationship with Dow. On the one hand, Hinrichs and Autovation had purchased adhesive from Dow prior to the October 22, 2013 report, which contained the alleged misrepresentations. This suggests some type of previous contractual relationship. On the other hand, Hinrichs and Autovation insist that they had no obligation to purchase additional adhesive from Dow and would not have done so but for the alleged misrepresentations. Because of these conflicting inferences, we conclude that dismissal of the WIS. STAT . § 100.18 claim based upon the failure to meet "the public" component of the first element was improper. The issue requires further exploration through the discovery process.
¶23 As to the other element that the circuit court found lacking, we are satisfied that the complaint sufficiently alleges that Dow made representations that were untrue, deceptive, or misleading. The complaint asserts that Dow made the representations in its October 22, 2013 report while knowing they were untrue or with reckless disregard for whether they were true. It further asserts that Dow made such representations for the purpose of inducing the purchase of additional adhesive. Accepting these factual assertions as true, which we must, this element is met, and the WIS. STAT.§ 100.18 claim should go forward.
¶24 For these reasons, we affirm in part, reverse in part, and remand for further proceedings on the WIS. STAT . § 100.18 claim. No costs to either party.
By the Court .-Judgment affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version.

Examples in the case law of products becoming components of an integrated system include: (1) cement in a concrete paving block, (2) a window in a house, (3) a gear in a printing press, (4) a generator connected to a turbine, and (5) a drive system in a helicopter. See Selzer v. Brunsell Bros. , 2002 WI App 232, ¶¶38-39, 257 Wis. 2d 809, 652 N.W.2d 806 (collecting cases). We view these examples as analogous to the facts presented here.

The economic loss doctrine does not apply to claims under Wis. Stat . § 100.18. Kailin v. Armstrong , 2002 WI App 70, ¶43, 252 Wis. 2d 676, 643 N.W.2d 132.

Wisconsin Stat. § 100.18(1) provides in relevant part:
No person, firm, corporation or association, or agent or employee thereof, with intent to sell ... merchandise ... or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase..., shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public ... an advertisement, announcement, statement or representation ... contain[ing] any assertion, representation or statement of fact which is untrue, deceptive or misleading.