**2019 WI APP 47**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2018AP1600

Complete Title of Case:

  SECURA INSURANCE, A MUTUAL COMPANY,

    INTERVENING PLAINTIFF-RESPONDENT,

  WISCONSIN UTILITY EXPOSURE, INC.,

    INVOLUNTARY-PLAINTIFF-RESPONDENT,

   V.

  SUPER PRODUCTS LLC,

    DEFENDANT-THIRD-PARTY
    PLAINTIFF-APPELLANT,

  ABC INSURANCE COMPANY,

    DEFENDANT,

   V.

  ABC INSURANCE COMPANY AND PACCAR, INC. D/B/A PETERBILT
  MOTORS COMPANY,

    THIRD-PARTY DEFENDANTS.

Opinion Filed: July 31, 2019
Submitted on Briefs: April 24, 2019

| JUDGES: | Neubauer, C.J., Reilly, P.J., and Gundrum, J. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:   On behalf of the defendant and third-party plaintiff-appellant, the cause was submitted on the briefs of *Patrick W. Brennan* and *Richard T. Orton* of *Crivello Carlson, S.C.*, Milwaukee.

Respondent
ATTORNEYS:   On behalf of the intervening plaintiff-respondent, the cause was submitted on the brief of *Teirney S. Christenson* of *Vost & Baill, LLP*, Milwaukee.

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 31, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* Wis. Stat. § 808.10 and Rule 809.62.

| | |
|---|---|
| **Appeal No. 2018AP1600** | Cir. Ct. No. 2015CV2286 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

SECURA INSURANCE, A MUTUAL COMPANY,

    INTERVENING PLAINTIFF-RESPONDENT,

WISCONSIN UTILITY EXPOSURE, INC.,

    INVOLUNTARY-PLAINTIFF-RESPONDENT,

  V.

SUPER PRODUCTS LLC,

    DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,

ABC INSURANCE COMPANY,

    DEFENDANT,

  V.

ABC INSURANCE COMPANY AND PACCAR, INC. D/B/A PETERBILT MOTORS COMPANY,

    THIRD-PARTY DEFENDANTS.

APPEAL from a judgment of the circuit court for Waukesha County: KATHRYN W. FOSTER, Judge. *Reversed and cause remanded for further proceedings.*

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶1 NEUBAUER, C.J. This case involves the application of the economic loss doctrine to a negligence claim brought against Super Products LLC. Secura Insurance, a Mutual Company, seeks recovery for damages arising from an allegedly defective product sold by Super Products to Secura's insured pursuant to a contract. Because the circuit court erred in determining that the economic loss doctrine did not bar the negligence claim, we reverse and remand for further proceedings.

## BACKGROUND

¶2 Wisconsin Utility Exposure, Inc. (WUE), purchased an excavator called a Mud Dog from Super Products pursuant to a contract with a limited warranty. The Mud Dog was comprised of a truck chassis and cab on which Super Products installed the Mud Dog heavy excavation equipment. The Mud Dog was the source of a fire that damaged the Mud Dog.

¶3 WUE was compensated by Secura for property damage it sustained in the fire. Secura then filed suit against Super Products, asserting a claim for negligence, and seeking recovery for the payments to WUE. Secura alleged that Super Products was negligent in its design of and modifications to the Mud Dog.

¶4      Secura sought three categories of damages based on its payments to WUE.

¶5      First, a variety of items, including stepladders, a trash can, a wheelbarrow, boots, hoses, tools, and other equipment stored in or around the Mud Dog were physically injured (other property). Super Products concedes Secura's negligence claim is available under the economic loss doctrine's "other property" exception for the physical injury to the other property.

¶6      Second, Secura seeks damages for the total loss of the Mud Dog.

¶7      Third, expenses were incurred to clean up the Mud Dog and debris from the Mud Dog. The invoice for the cleanup identifies services for "Removal, Analytical, Profiling, Transportation and Disposal of Liquid Wastes Generated from Hydro Excavator Involved in a Fire." The detail includes vacuums, roll off boxes and trucks, drums, disposal of water, and waste analysis and disposal.

¶8      In October 2016, Super Products moved for partial summary judgment contending that the economic loss doctrine precluded recovery in tort for damage to the product and the clean-up expenses.

¶9      In response, Secura conceded that the damage to the product and the clean-up costs would ordinarily be subject to the economic loss doctrine's bar, but argued that because there was physical injury to other property (stepladders, etc.), the economic loss doctrine did not apply. The circuit court agreed with Secura holding that, when there is damage to both the product and other property the economic loss doctrine permits a negligence claim seeking recovery for both, despite the parties' contractual remedies.

¶10      The parties entered into a Consent Judgment in which they agreed to settle for a certain amount in the event Super Product's challenge to the circuit court's summary judgment ruling is unsuccessful on appeal.

## STANDARD OF REVIEW

¶11      Whether the economic loss doctrine applies to bar a claim under a given set of facts presents a question of law which we review de novo. *Grams v. Milk Prods., Inc.*, 2005 WI 112, ¶12, 283 Wis. 2d 511, 699 N.W.2d 167.  We review a grant of summary judgment de novo, applying the same methodology as the circuit court.  *Id.*  Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2) (2017-18).[1]

## DISCUSSION

¶12      "The economic loss doctrine 'is a judicially created doctrine that seeks to preserve the distinction between contract and tort.'"  *Ferris v. Location 3 Corp.*, 2011 WI App 134, ¶12, 337 Wis. 2d 155, 804 N.W.2d 822 (citation omitted).  Relevant here, it provides that a party to a contract may not pursue remedies in tort to recover solely economic losses arising out of the performance or nonperformance of the contract.  *Id.*  Thus, the doctrine precludes a commercial

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

purchaser of a product from recovering in tort for solely economic losses arising from the product. *Grams*, 283 Wis. 2d 511, ¶13.

¶13 The purpose of the economic loss doctrine is to hold the parties to their contractual remedies when a product is inferior and fails to work for the purposes for which it was manufactured and sold. *Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 400-01, 573 N.W.2d 842 (1998). Losses subject to the doctrine include direct economic loss, such as damage to, or loss in the value of, the product itself, and consequential economic loss attributable to the product defect, such as repair and replacement expenses, and loss of profits resulting from the inability to make use of the product. *Id.* at 401; *Grams*, 283 Wis. 2d 511, ¶¶13, 21-23. By precluding tort claims, the doctrine aims to protect commercial parties' freedom to allocate economic risk by contract, and "to encourage the party best situated to assess the risk [of] economic loss, the commercial purchaser, to assume, allocate, or insure against that risk." *Daanen*, 216 Wis. 2d at 403.

¶14 Secura argues that because there was physical injury to other property, recovery for the defective product and its cleanup becomes available in tort. Secura points to cases involving the "other property" exception to the economic loss doctrine. Because Secura seizes upon imprecise language in our case law, we begin with a brief overview.

¶15 Generally, when an alleged product defect causes physical injury to "other property," tort remedies are available to seek recovery for damage to property other than the product itself. *Grams*, 283 Wis. 2d 511, ¶¶22, 24; *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 247, 593 N.W.2d 445 (1999) ("The economic loss doctrine does not preclude a product purchaser's

claims of personal injury or damage to property other than the product itself."); *see also **Saratoga Fishing Co. v. J.M. Martinac & Co.**, 520 U.S. 875, 879-885 (1997) (loss for the ship that sunk due to a defect in the hydraulic system that caused a fire was not recoverable in tort, while loss from damage to extra equipment on the ship was recoverable as "other property"); RESTATEMENT (THIRD) TORTS: PROD. LIAB. § 21 (AM. LAW INST. 1998) (recovery available in tort for damages to "property other than the defective product itself").

¶16  Because damage to "other property" caused by the failure of a product to perform is, at times, damage which is within the contemplation of the parties to a contract, and could have been the subject of negotiations between the parties, the "other property" exception has been limited by two concepts. First, when the product at issue is a component in a larger "system," the components are not regarded as "other property" "in a legal sense, even if they are different property in a literal sense." *Grams*, 283 Wis. 2d 511, ¶27. This "integrated systems" analysis is not at issue here.

¶17  Our courts have also adopted the "disappointed expectations" limitation on the "other property" exception. It applies when the other property damage could have been the subject of negotiations between the parties. *Id.*, ¶31. It turns on the parties' expectations of the function of the bargained-for product. *Id.*, ¶32. Unanticipated damage to "other property" is outside the economic loss doctrine's bar. *Id.*, ¶39.

¶18  The "disappointed expectations" limit on recovery for physical injury to other property is also not at issue here. It only applies to limit the "other property" exception to the economic loss bar, and both parties agree that the tort claim seeking recovery for physical injury to the other property at the site is not

precluded by the economic loss doctrine. Neither party contends that the damage to the stepladders, wheelbarrow, etc., was anticipated in the event the Mud Dog failed to perform as expected.

¶19     Here, the damage to the product itself, the Mud Dog, is barred by the economic loss doctrine.  Likewise, the expenses incurred to clean up the Mud Dog and the debris are also consequential economic losses, comparable to repair and replace expenses, arising from the product itself, as the expenses involved removing the wastes generated by the product.  There is no evidence indicating that these costs involved cleanup of physical injury to other property, and Secura does not develop any argument to the contrary.

¶20     Moreover, under Wisconsin law, it is of no import that the damage was "abrupt," and accidental, as the resulting loss "is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law." *Grams*, 283 Wis. 2d 511, ¶23 (citing *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870 (1986)); *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 225 Wis. 2d 305, 312, 592 N.W.2d 201 (1999) (economic loss doctrine applied to tort claims seeking recovery for damages arising from fire caused by ignition switch in the car).  Secura does not dispute that the product and clean-up damages are generally considered economic losses, but argues that the doctrine does not apply.

¶21     Secura misconstrues broad statements in certain cases to argue that the "other property" exception swallows up the economic loss doctrine's preclusion of tort claims seeking recovery for damage to the product itself.

¶22     For example, when discussing the "other property" exception, our supreme court stated:

7

> The economic loss doctrine, however, does not bar a commercial purchaser's claims based on personal injury or damage to property other than the product, *or economic loss claims that are alleged in combination with noneconomic losses*. *See Northridge* [*Co. v. W.R. Grace & Co.*,] 162 Wis. 2d [918,] 937 [, 471 N.W.2d 179 (1991)]; *see also Stoughton Trailers,* [*Inc. v. Henkel Corp.*,] 965 F. Supp. [1227,] 1231 [(W.D. Wis. 1997)]; *Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982). In short, economic loss is damage to a product itself or monetary loss caused by the defective product, which does not cause personal injury or damage to other property.

*Daanen*, 216 Wis. 2d at 402.

¶23 Secura erroneously presumes that the referenced "economic loss claims" in the first statement refers to damage to the product itself (i.e., loss of the bargained for value of the product). It does not. Secura fails to discern that losses associated with personal injury and/or other property damage can be "economic." For example, loss of earnings and reduction of earning capacity are "common forms of economic loss resulting from harm to the plaintiff's person" (noneconomic loss) which are recoverable in tort. RESTATEMENT (THIRD) TORTS: PROD. LIAB. § 21(b) (other forms of economic loss resulting from harm to the plaintiff's person are recoverable if they are within the general principles of legal cause).

¶24 Similarly, incidental losses which are economic that arise from damage to other property are available for recovery in tort. *See Stoughton Trailers*, 965 F. Supp. at 1231 (where the defective products cause personal injury or damage to property other than the product itself, those injured can sue in tort even for losses considered to be "economic" in nature); RESTATEMENT (THIRD) TORTS: PROD. LIAB. § 21(e) (harm to other property may also trigger liability for

8

incidental economic loss; the extent to which incidental loss is recoverable in tort is governed by general principles of legal cause).

¶25    Thus, *Daanen* simply recognizes that claims for personal injury (noneconomic) can give rise to losses which are economic, such as lost wages (noneconomic damages combined with economic losses), just as other property damage can give rise to losses which are economic in nature (other property damage combined with economic losses), all potentially recoverable in tort.  The statement does not refer to, implicate, or change the nature of the loss for a product which is simply unfit for its intended use, either because it malfunctioned or self-destructed.

¶26    As to the second statement in *Daanen*, it was a short form way of stating when the economic loss doctrine applies—when there is no personal injury or other property damage.  It was not a new exception to the economic loss doctrine that can be read to lift the bar to recovery in tort as it pertains to a product itself whenever there is damage to other property.  This is made clear in that each case Secura cites is simply an "other property" case or a case addressing issues such as privity.  There is no case in which Secura's interpretation has been adopted to permit tort claims for damage to, or loss in value of, the product itself whenever there is physical injury to other property.[2]

---

[2] *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 471 N.W.2d 179 (1991), is no exception.  There, the plaintiffs were able to sue in tort for asbestos in the building because they were not seeking damages related to the product's failure to perform for its intended purpose of fireproofing (economic loss), but were seeking damages for physical injury to the other property, the building, and the risk to its occupants caused by toxic substances released into the environment by the asbestos. *Id.* at 937-38.  That the damages sought were "economic" in nature, i.e., replacing the asbestos, was of no moment, because it was required to remedy the other property damage.

¶27     For example, Secura relies on *State Farm Fire & Casualty Co. v. Hague Quality Water, International*, 2013 WI App 10, 345 Wis. 2d 741, 826 N.W.2d 412 (2012), *aff'd*, 2014 WI 5, ¶1, 352 Wis. 2d 308, 841 N.W.2d 819, in which recovery in tort was permitted for damage caused by a defective water softener to drywall, flooring, and woodwork, and other required home repairs. *Hague*, 345 Wis. 2d 741, ¶3.  This case simply applies the "other property" exception.  By no means does it hold that recovery for the product itself in tort was also permitted.  Indeed, recovery for the product itself was not at issue.  *See id.*, ¶¶1-3, 9, 12, 18-19.

¶28     Again, the other cases cited by Secura similarly discuss whether or not there is recovery in tort under the "other property" exception or other related issues, such as privity of contract.  *See Daanen*, 216 Wis. 2d at 399, 406-07 (no "other property" damage alleged; privity not required for the economic loss doctrine to apply).

¶29     Likewise, in *Industrial Risk Insurers v. American Engineering Testing, Inc.*, 2009 WI App 62, ¶¶32-43, 318 Wis. 2d 148, 769 N.W.2d 82, the issue was whether certain damages arising from defective steel tubing in a collapsed racking system fell within the "other property" exception.  The court's statements relied upon by Secura applied to the "other property" analysis, and the "disappointed expectations" analysis as it applied to the tort recovery for damage to adjacent buildings, not to tort recovery for damage to the racking system itself.  *Id.*, ¶¶32-35, 41.  Indeed, the plaintiff conceded that the defendants' products themselves (steel tubing and a racking system) were part of an integrated system, such that the "other property" exception to the economic loss doctrine did not apply to that category of damage.  *Id.*, ¶¶32-33.

¶30     These cases and countless others simply make clear that damage to other property might be recoverable in tort. None adopted Secura's argument that a consequence of physical harm to other property is recovery in tort for the damage to, or loss in value of, the defective product itself. As such, we conclude that the black letter law in this area remains well-established: only recovery for harm to property other than the product itself is available. *Wausau Tile*, 226 Wis. 2d at 247 ("The economic loss doctrine does not preclude a product purchaser's claims of personal injury or damage to property other than the product itself.").

¶31     We reverse the circuit court's summary judgment order and remand for further proceedings. There simply is no support for Secura's attempt to eviscerate the distinction between tort and contract law by precluding the economic loss doctrine's application any time a party can allege damage to "other property." Allowing tort recovery for damage to, or loss in value of, the defective product under these circumstances "would render contractual protections a nullity and destroy any freedom to allocate economic risk by contract. "[M]anufacturers, in effect, would be deprived of their freedom to negotiate, allocate, and limit liability." *Ford*, 225 Wis. 2d at 328 (citations omitted).

> *By the Court.*—Judgment reversed and cause remanded for further proceedings.