COURT OF APPEALS
DECISION
DATED AND FILED

January 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2000**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV1154

IN COURT OF APPEALS
DISTRICT II

---

RICHARD DAVID GARRETT,

    PLAINTIFF-APPELLANT,

  V.

OCEAN VIEW SWIMMING POOL SERVICES, LLC C/O KELLY J. BROWN,

    DEFENDANT,

KELLY J. BROWN,

    DEFENDANT-RESPONDENT,

ACUITY, A MUTUAL INSURANCE COMPANY,

    INTERVENOR.

---

       APPEAL from an order of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Reversed and cause remanded.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

¶1      GUNDRUM, P.J.   Richard David Garrett appeals from an order of the circuit court granting Ocean View Swimming Pool Services, LLC, (Ocean View) and Ocean View member-owner Kelly J. Brown's motion for summary judgment and dismissing Brown from this suit, concluding that as a member-owner, Brown could not be held personally liable for his allegedly negligent maintenance of Garrett's pool.   For the following reasons, we conclude Brown may be held personally liable, and we reverse and remand for further proceedings.

### *Background*

¶2      Garrett hired Ocean View to perform maintenance on his in-ground fiberglass swimming pool at his residence.   The complaint alleges Ocean View and Brown negligently performed the maintenance by draining the pool "too quickly and without using any bracing to account for the impact of hydrostatic forces on an emptied pool shell during a rainy day at the end of a rainy month when the ground was saturated."   As a result of such negligence, Garrett further alleges, the pool was damaged, he lost use of it, and he "will be forced to replace [it] at considerable expense."

¶3      Ocean View and Brown moved for summary judgment, seeking dismissal of Brown from the suit on the basis that he "cannot be held personally liable for [Garrett's] alleged injuries, or the alleged negligence of Ocean View" because Ocean View "is a separate legal entity from Kelly J. Brown, its member and its owner"; Brown "conducted [Ocean View] as the owner and member of a limited liability corporation not as an individual"; the work Brown performed on Garrett's pool was done "in [his] capacity as the registered agent and sole employee[] of Ocean View" and all of the work he performed was done within the

scope "of that which is normally performed pursuant to the estimate that was provided to" Garrett; "[t]he contract for services rendered to [Garrett] was entered into under Ocean View"; and "although the work on the swimming pool … was performed by Kelly J. Brown, it was not done in his *personal capacity*, it was done as a member of the Ocean View Swimming Pool Services, LLC."

¶4      Relying upon our decision in ***Ferris v. Location 3 Corp.***, 2011 WI App 134, 337 Wis. 2d 155, 804 N.W.2d 822, our supreme court's decision in ***Oxmans' Erwin Meat Co. v. Blacketer***, 86 Wis. 2d 683, 273 N.W.2d 285 (1979), and Brown's deposition testimony, Garrett countered that

> Mr. Brown is personally responsible for his own negligence.  He personally committed and participated in the draining of the pool.  No one else besides Mr. Brown performed this work.  Mr. Brown is not relieved from personal liability simply because he was acting on behalf of Ocean View Swimming Pool Services, LLC when he drained the pool.  If Mr. Brown was acting on behalf of Ocean View … when he drained the pool, that simply means that both Mr. Brown and Ocean View … may be liable for Mr. Brown's negligence.

(Citations omitted.)

¶5      In their summary judgment reply brief and at the hearing on the motion, Ocean View and Brown in part turned to WIS. STAT. § 183.0304(1) (2021-22),[1] which provides:

> A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company.  Except as provided in [WIS. STAT. §§] 73.0306, 183.0403, and 183.0406, a member or manager is not personally liable, directly or indirectly, by

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager.

¶6      Relying on this statute, the circuit court granted Ocean View and Brown's summary judgment motion and dismissed Brown from the suit, concluding Brown was "an agent and member of the LLC performing services on behalf of the LLC at the time this happened."  Garrett appeals.

## *Discussion*

¶7      Garrett contends the circuit court erred in granting Ocean View and Brown's summary judgment motion and dismissing Brown on the basis that he could not be held personally liable because at the time he allegedly damaged Garrett's pool, he was doing so on behalf of Ocean View.  Garrett is correct; the court erred.

¶8      We review the circuit court's grant of summary judgment de novo. *Paskiewicz v. American Fam. Mut. Ins. Co.*, 2013 WI App 92, ¶4, 349 Wis. 2d 515, 834 N.W.2d 866.  "Summary judgment is properly granted if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law."  *American Fam. Mut. Ins. Co. v. American Girl*, *Inc.*, 2004 WI 2, ¶22, 268 Wis. 2d 16, 673 N.W.2d 65.

¶9      "Wisconsin case law has firmly established that individuals are liable for their own tortious conduct."  *Ferris*, 337 Wis. 2d 155, ¶1.  In *Ferris*, we made clear that corporate agents "may be held personally liable if a fact finder finds that they engaged in tortious conduct, regardless of whether they acted" "outside the scope of their authority as corporate agents" or "on behalf of [the corporation] when they did so."  *Id.*, ¶16.  In support of this holding, we turned to

our supreme court's decisions in **Oxmans'**, 86 Wis. 2d 683, and **Hanmer v. DILHR**, 92 Wis. 2d 90, 97-98, 284 N.W.2d 587 (1979). We noted that in **Oxmans'**, the court stated:

> An individual is personally responsible for his own tortious conduct. A corporate agent cannot shield himself from personal liability for a tort he personally commits or participates in by hiding behind the corporate entity; if he is shown to have been acting for the corporation, the corporation also may be liable, but the individual is not thereby relieved of his own responsibility.

**Ferris**, 337 Wis. 2d 155, ¶14 (quoting **Oxmans'**, 86 Wis. 2d at 692). And we further observed that in **Hanmer**, the court stated:

> The general rule is that the agent, as well as the principal for whom he is acting is responsible for the tortious acts of the agent. In such situations the corporate shield protects only those who would otherwise be vicariously liable, not those whose own conduct is called into question.
>
> In this case it is their own conduct for which appellants are being held responsible ….

**Ferris**, 337 Wis. 2d 155, ¶15 (quoting **Hanmer**, 92 Wis. 2d at 97).

¶10     In addition to relying on **Oxmans'** and **Hanmer**, we further pointed out in **Ferris** that "more recently, in **Stuart** [**v. Weisflog's Showroom Gallery, Inc.**, 2008 WI 22,] 308 Wis. 2d 103, ¶¶41-42, [746 N.W.2d 762,] the supreme court applied the same principle to cases where an individual acting on behalf of a corporation violates the Home Improvement Practices Act." **Ferris**, 337 Wis. 2d 155, ¶15. Rebuffing the **Ferris** defendants' contention that the **Oxmans'** passage quoted above was "dicta," we stated, "When the supreme court intentionally takes up and announces the law three times [in **Oxmans'**, **Hanmer**, and **Stuart**], we think it clear that the initial statement was not dicta." **Ferris**, 337 Wis. 2d 155, ¶15.

5

¶11    Ocean View and Brown attempt to undermine the above clear, longstanding, and controlling legal principle by directing us to WIS. STAT. § 183.0304(1) and also asserting that the current case is different from *Oxmans'* and *Ferris* because "in those cases, personal liability rested on intentional, fraudulent misrepresentations made by members."  Because Ocean View and Brown fail to sufficiently develop either their § 183.0304(1) position or their *Oxmans'*-*Ferris* position, we need not consider them.  *See ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999) ("This court will not address undeveloped arguments.").  That said, we nonetheless observe the following.

¶12    As to WIS. STAT. § 183.0304(1), Ocean View and Brown assert that "[t]he clear language of [this] statute preserves the liability of a member of an LLC for conduct *other than as a member or manager*"; however, they fail to wrestle with the language of the statute in any meaningful way.

¶13    The above longstanding common law principle is not in the least bit undermined by WIS. STAT. § 183.0304(1).  Again, that provision states:

> A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company.  Except as provided in [WIS. STAT. §§] 73.0306, 183.0403, and 183.0406, a member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager.

Subsection (1) provides that Brown is not personally liable "for a debt, obligation, or other liability *of the company* <u>solely</u> by reason of being or acting as a member or manager."  (Emphasis added.)  Critically, Garrett is not contending, and we do not here hold, that Brown is legally responsible for liability "of the company"—

i.e., of Ocean View. Rather, Garrett contends Brown is legally responsible for how he personally performed the pool maintenance—his own alleged negligence. Additionally, Garrett's claim against Brown personally is not founded at all— much less "solely"—upon Brown "being or acting as a member or manager" of Ocean View. *See* § 183.0304(1). Again, it is founded upon Brown's own direct, allegedly negligent actions in performing the maintenance.

¶14 Ocean View and Brown further contend the current case is distinguishable from **Oxmans'** and **Ferris** because "in those cases, personal liability rested on intentional, fraudulent misrepresentations made by members." To begin, as indicated, Ocean View and Brown do not develop an argument explaining why it is relevant those cases involved "intentional, fraudulent misrepresentations," particularly when neither court suggested its statements applied to only intentional or fraudulent conduct. But, significantly, we have previously addressed this very contention in *Casper v. American International South Insurance Co.*, 2010 WI App 2, 323 Wis. 2d 80, 779 N.W.2d 444, *rev'd on other grounds*, 2011 WI 81, 336 Wis. 2d 267, 800 N.W.2d 880.

¶15 In that case, numerous individuals filed suit against Bestway Systems, Inc., Bestway's CEO, and others after a Bestway employee driving a truck in the course of his employment struck the rear of a minivan. 323 Wis. 2d 80, ¶¶1-4. Among other claims, the plaintiffs asserted the CEO was personally liable for negligently approving the route the employee had been driving because the CEO was allegedly aware that, according to federal regulations, the route could not be safely completed. *Id.*, ¶61. The issue before us on appeal was whether the circuit court erred in rejecting the CEO's summary judgment motion asserting he could not be held personally liable for such nonintentional conduct. *Id.*, ¶62.

¶16     Like Ocean View and Brown, the CEO contended "that ***Oxmans'*** does not control in this instance because in ***Oxmans'*** the court addressed the personal liability of a corporate officer for an alleged fraudulent misrepresentation, whereas here, the claim against the corporate officer lies in negligence." ***Casper***, 323 Wis. 2d 80, ¶71 (citation omitted).  While we agreed ***Oxmans'*** was "not controlling," we "disagree[d] that it therefore stands for the conclusion that [the CEO] asserts—that a corporate officer can never be held personally liable for non-intentional conduct.  To the contrary," we added, "we find ***Oxmans'*** consistent with our holding that a corporate officer can be held personally liable for his negligent acts…. While ***Oxmans'*** may have been factually limited to fraudulent misrepresentation, the case language is not so limiting." ***Casper***, 323 Wis. 2d 80, ¶71.  "To the extent that [the CEO] may have negligently approved the route in question," we stated, "he cannot hide from his own personal liability because he is a corporate officer." ***Id.***, ¶70.  We concluded that the circuit court "properly determined that a claim for negligence against a corporate officer personally is permitted as a matter of law." ***Id.***, ¶72.

¶17     The CEO appealed, asking the supreme court to hold that, "as a matter of law, he cannot be held liable." ***Casper v. American Int'l S. Ins. Co.***, 2011 WI 81, ¶81, 336 Wis. 2d 267, 800 N.W.2d 880.  The court summarized the plaintiff's claim as being made against the CEO "as an individual who was allegedly negligent in the performance of his duties in his capacity as a corporate officer of Bestway." ***Id.***, ¶81.  While the supreme court ultimately reversed our decision in the case, it did so based on the public policy ground that the injury to plaintiffs was simply too remote from any negligence of the CEO. ***Id.***, ¶¶103-104.  Importantly, the ***Casper*** court rejected the CEO's request that it rein in our court of appeals decision "allow[ing] personal liability for negligence." ***Id.***, ¶90.  The

court instead stated that even in the context of corporate officers committing negligent acts "in the scope of their *corporate duties*," it was "declin[ing] to hold that corporate officers may never be held personally liable." ***Id.***, ¶90 (emphasis added). The court added that "a corporate officer may be liable in some situations for non-intentional torts committed in the scope of his employment." ***Id.***, ¶105.

¶18     The ***Casper*** court also discussed a proposition from 3A WILLIAM MEADE FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS, § 1135 (2011) (footnotes omitted), that states:

> It is the general rule that an individual is personally liable for all torts the individual committed, notwithstanding the person may have acted as an agent or under directions of another. This rule applies to torts committed by those acting in their official capacities as officers or agents of a corporation.

***Casper***, 336 Wis. 2d 267, ¶¶82, 84. The court commented that this rule is "readily understandable in situations involving intentional torts such as fraudulent misrepresentation, *or situations like driving an automobile where a corporate officer's personal negligence would be treated the same as any other driver's*," but was "not so clear … when a plaintiff seeks to hold a corporate officer liable for his negligence in making an executive decision involving business." ***Id.***, ¶84 (emphasis added).[2]

¶19     As relevant to the case now before us, with its comments on the Fletcher proposition, the ***Casper*** court was agreeing with the rule stated therein as it relates to holding "officers or agents of a corporation" personally liable "in

---

[2] Despite Garrett's citation of ***Casper v. American International South Insurance Co.***, 2011 WI 81, ¶81, 336 Wis. 2d 267, 800 N.W.2d 880, in his brief-in-chief, Ocean View and Brown fail to acknowledge it in their response brief.

situations … where a corporate officer's personal negligence would be treated the same as any other" employee's personal negligence.  *See id.*, ¶¶82, 84.  This, of course, is completely consistent with the long-articulated rule, noted earlier, *see supra* ¶¶9-10, that a corporate officer may be held personally liable for his own negligent acts like any other employee would be.

¶20    For the foregoing reasons, Ocean View and Brown's position that Brown cannot be held personally liable for the allegedly negligent manner in which he performed maintenance on Garrett's pool fails, and we reverse and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.

Recommended for publication in the official reports.