**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 30, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2024AP1501**

**STATE OF WISCONSIN**

Cir. Ct. No.  2023CV1987

**IN COURT OF APPEALS
DISTRICT II**

CANNON & DUNPHY, S.C.,

    PLAINTIFF,

  V.

THE WILLIAM M. CANNON TRUST, AMALIA TODRYK, GERALYN CANNON AND THE ESTATE OF WILLIAM M. CANNON,

    DEFENDANTS-APPELLANTS,

  V.

PATRICK O. DUNPHY,

    THIRD-PARTY DEFENDANT-RESPONDENT,

ROBERT CRIVELLO, BRETT ECKSTEIN, ALLAN FOECKLER, JOSHUA MINON AND EDWARD ROBINSON,

    INTERVENORS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  The William M. Cannon Trust, Amalia Todryk, Geralyn Cannon, and the Estate of William M. Cannon (collectively, the Trust) appeal a circuit court order dismissing six causes of action in the Trust's third-party complaint for failure to state a claim.  On appeal, the Trust argues its complaint was properly pled and the circuit court erred by dismissing its causes of action against Patrick Dunphy for breach of fiduciary duty, promissory estoppel, misrepresentation (intentional, negligent, and strict), and civil conspiracy.[1]  We conclude the circuit court properly dismissed these causes of action against Dunphy, and we affirm.

## BACKGROUND

¶2    On January 3, 2023, Cannon & Dunphy, S.C. ("C&D") and William Cannon entered into a Consulting Agreement and License ("CAL") along with a series of related agreements.  After Cannon's death, C&D brought a declaratory

---

[1] The Trust advises it is not yet appealing the circuit court's rulings related to other individuals because the court's order did not "dispose[] of the entire matter in litigation as to [these parties]."  *See* WIS. STAT. § 808.03(1) (2023-24).  Only Patrick Dunphy was fully dismissed from the action as a result of the circuit court's order.

All references to the Wisconsin Statutes are to the 2023-24 version.

action against the Trust, which "stands in the shoes of" Cannon, asking the court to determine the parties' obligations under the CAL.

¶3 The Trust, in turn, counterclaimed against C&D and brought a third-party complaint against Dunphy, Edward Robinson, and Allan Foeckler, who are current directors and shareholders of C&D. The counterclaim and third-party complaint alleged eleven causes of action against various combinations of these counterclaim and third-party defendants. As relevant for appeal, the third-party complaint brought causes of action against Dunphy, in part, for breach of fiduciary duty, promissory estoppel, misrepresentation (intentional, negligent and strict), and civil conspiracy.

¶4 According to the third-party complaint, Cannon and Dunphy were both C&D shareholders, who together owned approximately 99% of C&D's shares, with Cannon owning 65% of that amount and Dunphy owning the remaining 35%.[2] The third-party complaint detailed historical retirement agreements C&D entered into with Cannon regarding compensation and continued use of his name. The complaint also detailed various employment and shareholder agreements between C&D, Cannon, and other shareholders.

¶5 As relevant to this appeal, on January 3, 2023, C&D and Cannon entered into the CAL underpinning C&D's pending declaratory action. When C&D and Cannon entered into the CAL, Cannon and C&D also terminated Cannon's previous retirement agreement. Cannon entered into the CAL because

---

[2] A June 11, 2019 shareholders agreement provided that upon the death of Cannon, C&D would purchase Cannon's shares for a fixed amount.

he was a Florida resident and wanted to minimize the tax impact of compensation from C&D.

¶6      The CAL generally provided that, in exchange for certain compensation, Cannon "agreed to provide certain consulting and advisory services to [C&D] and to license his name, image and likeness to [C&D.]"  Later, C&D and Cannon entered into a license agreement ("Perpetual License").  The Perpetual License granted C&D a license to use Cannon's name, image, and likeness after death, provided C&D complied with the CAL.  Cannon signed the CAL and Perpetual License, and Dunphy signed both agreements on behalf of C&D as "President."

¶7      In April or May 2023, Dunphy advised Cannon that "other minority Shareholders in C&D told him they would not honor [Cannon's] CAL or Perpetual License, and if forced to do so, they would leave C&D."  Dunphy asked Cannon "to consider giving up his contractual rights under the terms of the various agreements[.]"  Cannon refused.  Cannon then "considered his options, including removing his name from C&D, dissolving the Firm, and/or seeking to reconstitute the Board."

¶8      According to the complaint, Cannon never took these steps because Dunphy "repeatedly represented on behalf of himself and C&D that the CAL and Perpetual License were valid, enforceable, and would be followed."  In support, the third-party complaint quoted from a phone conversation between Cannon and Dunphy, where Dunphy told Cannon the agreement is "absolutely enforceable.  I am going to honor it, and I want to keep [C&D] going so that it can be funded."  The third-party complaint also included a July 20, 2023 email from Dunphy to Cannon:

4

I also want to reiterate and reaffirm that your Consulting, Licensing and Employment Agreements and Amendments thereto, entered into between January 1, 2023 and June 9, 2023, Agreements you helped draft, you approved and you signed, are in full force and effect, have not been breached in any way and determine the rights and obligations of the parties to those Agreements. You are protected and you or your representative have enforcement rights against [C&D] in the event you or your representative believe there has been a breach.

I hope that this reaffirmation will put closure on your continuing concerns.

¶9 The third-party complaint alleged that in reliance on Dunphy's representations, "made individually and in his capacity as a Director and the President of C&D," Cannon "took no further action to remove his name from C&D or otherwise protect his entitlements."

¶10 Dunphy moved to dismiss the complaint for failure to state a claim. *See* WIS. STAT. § 802.06(2)(a)6. Following extensive briefing and a hearing, the circuit court granted Dunphy's motion as to the causes of action identified above. The Trust appeals. Additional facts will be discussed below.

## DISCUSSION[3]

¶11 "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the … circuit court." ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "A motion to dismiss for

---

[3] We acknowledge, but do not address, every argument raised on appeal with regard to whether the circuit court properly dismissed the Trust's causes of action against Dunphy. We address only the dispositive issue in this case. *See **Stoughton Trailers, Inc. v. LIRC***, 2007 WI 105, ¶40, 303 Wis. 2d 514, 735 N.W.2d 477 (holding that reviewing courts decide cases on the narrowest possible grounds).

failure to state a claim tests the legal sufficiency of the complaint." *Id.*, ¶19. We accept as true all well-pleaded facts and the reasonable inferences therefrom. *Id.* However, we cannot add facts to the complaint. *Id.* Further, "legal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss." *Id.* To survive a motion to dismiss, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." *Id.*, ¶21.

## I.     Fiduciary Duty

¶12     The third-party complaint alleged Dunphy breached his fiduciary duties to Cannon. "The elements of a claim for breach of a fiduciary duty are: (1) the defendant owes a fiduciary duty to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach of the duty caused the plaintiff's damages." *McMorrow v. Specht*, 2012 WI App 124, ¶5, 344 Wis. 2d 696, 824 N.W.2d 907.

¶13     On appeal, the Trust argues its third-party complaint sufficiently pled a cause of action for breach of fiduciary duty. It points out that the complaint alleged that at all relevant times Cannon was a C&D shareholder and Dunphy was an officer (President) and director of C&D, which established Dunphy owed a fiduciary duty to Cannon. *See Reget v. Paige*, 2001 WI App 73, ¶12, 242 Wis. 2d 278, 626 N.W.2d 302 ("A corporate officer or director [owes] a fiduciary duty … to the corporation, itself, and to its shareholders.").

¶14     The Trust also asserts its complaint established Dunphy breached his fiduciary duty. The complaint alleged that once Cannon learned the minority shareholders would not honor the CAL, Cannon considered his options and intended to take action to protect his rights; however, Dunphy convinced Cannon

not to do so because he "repeatedly represented on behalf of himself and C&D that the CAL and Perpetual License were valid, enforceable, and would be followed." According to the complaint, Dunphy never intended to follow through on these assurances and made these statements to dissuade Cannon from acting and to further Dunphy's own private interests.

¶15     The Trust then contends it sufficiently alleged damages in its third-party complaint.  It pled that Cannon actively considered a non-exhaustive list of actions once he learned the minority shareholders would not honor the CAL but Cannon did not pursue these actions because Dunphy advised him the CAL was enforceable and would be honored.  It argues that because of Dunphy's actions, Cannon (now his Trust) was "left in a position without entitlement to the negotiated benefits, all while C&D continues to use Cannon's name."

¶16     The circuit court dismissed the Trust's breach-of-fiduciary-duty cause of action against Dunphy, reasoning:

> [N]othing Mr. Dunphy allegedly said or did in representing the enforceability of the CAL saying he would honor it and reaffirming those statements in a July, 2023 email constitutes a breach of fiduciary duty owed to [Cannon] in his capacity as a shareholder.
>
> The CAL by its terms deals with [C&D's] relationship with Mr. Cannon as a key employee but Mr. Dunphy owed no fiduciary duty to Mr. Cannon in that capacity.
>
> Further [the Trust] fail[s] to allege any cognizable legal injury plausibly caused by the alleged breach of fiduciary duty.  The Court agrees with [Dunphy] that the allegations to the effect that Mr. Cannon relied on Mr. Dunphy's communications and did not take certain actions to protect his interests are entirely speculative, legally unsupportable and otherwise not cognizable.

¶17 We agree with the circuit court. The Trust's breach-of-fiduciary-duty claim relates to Dunphy's actions toward Cannon in regard to the CAL. The Trust incorporated by reference the CAL into the third-party complaint. Even considering the context surrounding the agreement, the CAL is plainly tied to Cannon's status as an employee. The CAL discusses Cannon's employment dates and the termination of his employment due to retirement or death. Dunphy, as a director and shareholder of C&D, does not owe a fiduciary duty to an employee. Accordingly, the complaint does not establish that Dunphy owed a fiduciary duty to Cannon, in his capacity as an employee. *See **Reget***, 242 Wis. 2d 278, ¶12. Therefore, the breach-of-fiduciary-duty cause of action fails.

¶18 In any event, we also determine the third-party complaint fails to allege damages in regard to any breach of fiduciary duty. We conclude any damages alleged in the complaint from Dunphy's purported breach of fiduciary duty are too speculative. The Trust's damages argument is premised on the CAL being unenforceable—after all, it argues it has been "left in a position without entitlement to the negotiated benefits." Assuming the circuit court determines the CAL is unenforceable, the Trust's theory of damages assumes that if Dunphy had not told Cannon that the CAL, which Cannon helped draft, was enforceable and would be honored, Cannon could and would have taken one of the non-exhaustive actions included on the list in the complaint. This is entirely speculative. The speculative nature of the damages is insufficient to state a claim for breach of fiduciary duty. *See **McMorrow***, 344 Wis. 2d 696, ¶14. The circuit court properly dismissed the Trust's breach-of-fiduciary duty claim against Dunphy.

## II.     Promissory Estoppel

¶19     The Trust also brought a cause of action against Dunphy for promissory estoppel.  "In order to state a claim on which equitable relief under the doctrine of promissory estoppel may be granted, the [Trust's] complaint must be read to allege the three elements of promissory estoppel."  ***Scott v. Savers Prop. & Cas. Ins. Co.***, 2003 WI 60, ¶51, 262 Wis. 2d 127, 663 N.W.2d 715.  The three elements are: (1) "The promise is one which the promissor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promissee"; (2) "The promise induced such action or forbearance"; and (3) "Injustice can be avoided only by enforcement of the promise."  ***Id.***

¶20     On appeal, the Trust argues its third-party complaint sufficiently pled a cause of action for promissory estoppel against Dunphy.  The Trust argues the complaint alleged Dunphy made promises in his individual capacity that the CAL was enforceable and would be followed and honored.  It argues that the context of when Dunphy made these promises (when Cannon was contemplating taking a non-exhaustive list of actions) established that Dunphy "reasonably expect[ed]" his promises to induce Cannon not to act.  Based on these promises, Cannon did not take one of the non-exhaustive actions.  The Trust argues its complaint showed that injustice can be avoided only by enforcement of the promise because its complaint established Cannon did not want his name on the firm after his death if Dunphy was not willing to pay for it.

¶21     The circuit court dismissed the Trust's promissory estoppel cause of action against Dunphy for failing to establish the first and second elements of a promissory estoppel claim.  The court explained:

9

> In considering that promise and how Mr. Cannon is alleged to have relied upon it, the Court concludes that dismissal of this claim is appropriate. First the alleged promises by their terms are opinions and relate to future events that Mr. Dunphy could not as a fiduciary of the corporation guarantee going forward. Accordingly, these statements are simply not the type one would reasonably expect to induce action or forbearance of a definite and substantial character.
>
> Moreover, given their nature such statements would not reasonably induce action or forbearance of a definite … and substantial character. And for the reasons discussed already, the allegation that Mr. Cannon did not take some action to dissolve the company and the like is not definite, substantial and legally cognizable forbearance.

¶22 We again agree with the circuit court. Nothing Dunphy said to Cannon in his "individual capacity" could have induced action or forbearance of a definite and substantial character on the part of Cannon. The CAL was between Cannon and C&D. Dunphy was not a party to the CAL. "A promise is a manifestation of intent by the promisor to be bound, and it is to be judged by an objective standard. Mere predictions or statements of opinion are not promises that will support a promissory estoppel cause of action." 1 Anthony S. Baish et al., *Contract Law in Wisconsin* § 2.77 (6th ed. 2025). Dunphy's individual statements to Cannon regarding the enforceability of the CAL or that it would be honored were only predictions or statements of opinions and therefore not subject to promissory estoppel. Accordingly, Dunphy's statements could not have "induce[d] action or forbearance of a definite and substantial character on the part of" Cannon. *See Scott*, 262 Wis. 2d 127, ¶51.

¶23 Further, the Trust's alleged forbearance was not of a "definite" or "substantial" character. The complaint alleges that but for Dunphy's statements, Cannon could and would have taken one of the non-exhaustive actions included on the list in the complaint. As before, this is entirely speculative. *See John Doe*

*67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶36, 284 Wis. 2d 307, 700 N.W.2d 180 ("[W]e will dismiss a complaint if, '[u]nder the guise of notice pleading, the complaint before us requires the court to indulge in too much speculation leaving too much to the imagination of the court.'" (citation omitted)). We conclude the circuit court properly dismissed the Trust's promissory estoppel claim against Dunphy.

### III.  Misrepresentation

¶24 The Trust brought causes of action against Dunphy for misrepresentation (intentional, negligent, and strict).  There are three common elements among these misrepresentation claims: (1) "[t]he representation must be of a fact and made by the defendant"; (2) "the representation of fact must be untrue"; and (3) "the plaintiff must believe such representation to be true and rely thereon to his damage."  *Ollerman v. O'Rourke Co*., 94 Wis. 2d 17, 25, 288 N.W.2d 95 (1980).  Dunphy's motion to dismiss and the circuit court's decision related only to the allegations surrounding these common elements.  Accordingly, we limit our analysis to whether these common elements were sufficiently pled against Dunphy.

¶25 On appeal, the Trust argues its third-party complaint sufficiently pled these common-element misrepresentation claims.  It emphasizes the third-party complaint alleged Dunphy told Cannon that the CAL was enforceable and would be honored, that based on Dunphy's statements, Cannon did not take one of the non-exhaustive actions, and that, after Cannon died Dunphy acted to disavow the CAL and reject it as unenforceable.

¶26 The circuit court, however, dismissed the misrepresentation claims, explaining:

> [F]or the reasons already discussed, the Court concludes that the statements cannot form the basis for any claims for misrepresentation because they are opinions and because they relate to future events that Mr. Dunphy could not necessarily control. The Court concludes that any alleged reliance by Mr. Cannon on these statements was not reasonable and the forbearance he's alleged to have taken in reliance on these statements that is not taking steps to dissolve the company and the like is entirely speculative, legally unsupportable and otherwise not cognizable.

¶27 On appeal, the Trust argues the circuit court erred by failing to conclude Dunphy's statements to Cannon that the CAL was enforceable and would be honored were actionable statements of fact. However, actionable statements of fact must relate to present or preexisting facts, not something to occur in the future. *Lundin v. Shimanski*, 124 Wis. 2d 175, 192, 368 N.W.2d 676 (1985). "[A] prediction as to events to occur in the future is to be regarded as a statement of opinion only, on which the adverse party has no right to rely." *Id.* (citation omitted). An exception to the "pre-existing fact" rule exists, where the speaker, at the time the statement was made, knows of facts incompatible with his or her opinion. *Id.*

¶28 Here, the Trust argues that because it's third-party complaint alleged Dunphy never intended to comply with the CAL, Dunphy's opinions about the enforceability and honoring the CAL fall under the exception to the pre-existing fact rule and are actionable statements of fact. We disagree and conclude the complaint failed to establish Dunphy made factual representations to Cannon.

¶29 Dunphy's belief that the CAL was enforceable and would be honored is a statement of opinion, not fact, and one that could not be relied upon because a future court will decide whether the contracts are enforceable. *See Rosecky v. Schissel*, 2013 WI 66, ¶28, 349 Wis. 2d 84, 833 N.W.2d 634 (determining whether a contract is enforceable is a question of law). Further,

although the Trust believes Dunphy's statements were actionable because Dunphy "could have followed through" with paying the Trust under the CAL "if he had actually intended to," the circuit court correctly determined that any payments owed to the Trust are "future events that [Dunphy] could not as a fiduciary of the corporation guarantee going forward." *See Notz v. Everett Smith Grp., Ltd.*, 2009 WI 30, ¶20, 316 Wis. 2d 640, 764 N.W.2d 904 (directors owe fiduciary duties to both the corporation and all shareholders).

¶30     In any event, the circuit court also determined the Trust's third-party complaint failed to sufficiently allege Cannon relied on Dunphy's statements to his detriment. *See Ollerman*, 94 Wis. 2d at 25. The court explained the non-exhaustive list of actions Cannon allegedly decided not to pursue because of Dunphy's statements were "legally unsupportable and otherwise not cognizable." We agree. The third-party complaint alleges only that Cannon could and would have done unspecified things. This speculation does not establish damages. *See John Doe 67C*, 284 Wis. 2d 307, ¶36. We conclude the circuit court properly dismissed the Trust's misrepresentation claims against Dunphy.

## IV.     Civil Conspiracy

¶31     Finally, the Trust argues the circuit court erred by dismissing its cause of action against Dunphy for civil conspiracy. "To state a cause of action for civil conspiracy, the plaintiff must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant thereto, and the damage resulting from such act or acts." *Edwardson v. American Fam. Mut. Ins. Co.*, 223 Wis. 2d 754, 760, 589 N.W.2d 436 (Ct. App. 1998).

¶32     On appeal, the Trust advises this court that its civil conspiracy cause of action is tied to its misrepresentation claims. Citing *Ferris v. Location 3 Corp.*,

2011 WI App 134, ¶9, 337 Wis. 2d 155, 804 N.W.2d 822, the Trust argues that its pleaded misrepresentation claims "satisfies the pleading requirements for 'the alleged wrongful acts and the damage' elements of a conspiracy claim."

¶33    The Trust explains that the circuit court did not determine whether its complaint pled the remaining civil conspiracy elements "because by the time it reached its ruling on the civil conspiracy claim, it had already dismissed the misrepresentation claims."[4]   The Trust then offers various arguments explaining how the allegations in its third-party complaint satisfy the remaining civil-conspiracy elements.

¶34    We have already determined that the circuit court properly dismissed the Trust's misrepresentation claims against Dunphy.  If these misrepresentation claims also form the basis of the Trust's civil conspiracy cause of action, the civil-conspiracy cause of action must also be dismissed.  We therefore conclude the circuit court properly dismissed the Trust's civil conspiracy cause of action against Dunphy.

*By the Court.*—Order affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] The Trust explains that because the circuit court had already dismissed the Trust's misrepresentation claims, the circuit court focused on a variety of other alleged "wrongful acts" the Trust had identified in the complaint.  The court dismissed the civil conspiracy cause of action after determining none of the "wrongful acts" were sufficient to support a civil conspiracy claim.  The Trust advises that it does "not challenge the circuit court's finding that these actions do not amount to civil wrongs necessary to support a civil conspiracy claim for purposes of appeal."  We therefore do not consider these other allegations further.